1

2                          UNITED STATES DISTRICT COURT

3                                DISTRICT OF NEVADA

4    YOANDY FERNANDEZ-MORALES,                Case No. 3:23-cv-00115-ART-CSD

5                                Plaintiff,   ORDER ADOPTING REPORT AND
                                              RECOMMENDATION (ECF NO. 39)
6        v.

7    CURRIER, *et al.*,

8                                Defendants.

9

10          *Pro se* Plaintiff Yoandy Fernandez-Morales brings this action under 42

11   U.S.C. § 1983 against Defendants Currier, Hutchings, Hernandez, and McDaniels

12   for unlawfully withholding Plaintiff's wages as a prison-yard laborer. Before the

13   Court is Defendants' motion to dismiss (ECF No. 18), to which Plaintiff filed a

14   response (ECF No. 21), and Defendants filed a reply (ECF No. 24).

15          United States Magistrate Judge Craig S. Denney issued a Report and

16   Recommendation ("R&R") (ECF No. 39) recommending granting Defendants'

17   motion. Plaintiff filed objections to that R&R. (ECF No. 41.) The Court overrules

18   Plaintiff's objections, adopts the R&R in full, and grants the motion to dismiss

19   without prejudice and without leave to amend.

20   **I.     BACKGROUND**

21          Plaintiff alleges that defendant Nevada Department of Corrections

22   ("NDOC") employees unlawfully withheld Plaintiff's wages based on the mistaken

23   belief that Plaintiff had not provided his social security card. Plaintiff had

24   provided his social security card, and Defendants eventually found it. Plaintiff

25   alleges that Defendants have still not paid Plaintiff wages for all or part of the

26   period in which they believed he had not provided his social security card.

27   **II.    LEGAL STANDARD**

28          Judge Denney's order accurately recites the applicable legal standards,

1 which are included here.

2 **A. Motion to Dismiss**

3    Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to
4 dismiss for the failure to state a claim upon which relief can be granted. Fed. R.
5 Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question
6 of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).
7 In reviewing the complaint under this standard, the court must accept as true
8 the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425
9 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to
10 plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395
11 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions."
12 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the
13 elements of a cause of action, supported by mere conclusory statements, do not
14 suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework
15 for a complaint, they must be supported by factual allegations." *Id.* at 679.

16    Allegations in *pro se* complaints are held to less stringent standards than
17 formal pleadings drafted by lawyers and must be liberally construed. *See Hughes*
18 *v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per*
19 *curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

20    Under Federal Rule of Civil Procedure 8(a), "a claim for relief must
21 contain . . . a short and plain statement of the claim showing that the pleader is
22 entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a
23 minimum, a plaintiff should state "enough facts to state a claim to relief that is
24 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see*
25 *also Iqbal*, 556 U.S. at 678.

26    "A claim has facial plausibility when the plaintiff pleads factual content
27 that allows the court to draw the reasonable inference that the defendant is liable
28 for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

1      "Plausibility" is "more than a sheer possibility that a defendant has acted

2      unlawfully." *Id.* (citation omitted). "Determining whether a complaint states a

3      plausible claim for relief" is "a context-specific task that requires the reviewing

4      court to draw on its judicial experience and common sense." *Id.* at 679 (citation

5      omitted). Allegations can be deemed implausible if there are "obvious alternative

6      explanation[s]" for the facts alleged. *Id.* at 682.

7            **B. Qualified Immunity**

8            "In evaluating a grant of qualified immunity, a court considers whether (1)

9      the state actor's conduct violated a constitutional right and (2) the right was

10     clearly established at the time of the alleged misconduct." *Gordon v. County of*

11     *Orange,* 6 F.4th 961, 967-68 (9th Cir. 2021) (citing *Saucier v. Katz,* 533 U.S. 194,

12     200-01 (2001), *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009)).

13           The Fourteenth Amendment prohibits any state from depriving "any person

14     of life, liberty, or property, without due process of law." *See* U.S. Const. amend.

15     XIV, § 1; *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). Those who seek to invoke

16     due process protections must establish one of these interests is at stake.

17     *Wilkinson v. Austin,* 545 U.S. 209 (2005). Prisoners have a protected interest in

18     their personal property. *Shinault v. Hawks,* 782 F.3d 1053, 1057 (9th Cir. 2015)

19     (en banc) (citing *Fuentes v. Shevin,* 407 U.S. 67, 86 (1972).

20           Where a prisoner alleges a deprivation of a property interest caused by the

21     unauthorized negligent or intentional action of a prison official, he does not state

22     a constitutional claim where the state provides an adequate post-deprivation

23     remedy. *See Zinermon v. Burch,* 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer,*

24     468 U.S. 517, 533 (1984); *Barnett v. Centoni,* 3 F.3d 813, 816 (9th Cir. 1994) (per

25     curiam). Nevada provides a meaningful post-deprivation remedy for the loss of

26     personal property. *See* NRS 41.0322 (for prisoners in custody of NDOC).

27           //

28           //

1    **III.    DISCUSSION**

2         Judge Denney recommended dismissal based on qualified immunity

3    because Plaintiff has a post-deprivation remedy available to him. The Court

4    considers if qualified immunity applies by first asking "whether the state actor's

5    conduct violated a constitutional right." *Gordon*, 6 F.4th 967-68. When a "post-

6    deprivation remedy" exists to challenge a defendant's unauthorized negligent or

7    intentional action, there is no constitutional right at issue. *See Zinermon*, 494

8    U.S. at 129-32; *Hudson*, 468 U.S. at 533. A post-deprivation remedy exists for

9    Plaintiff's claim, and no constitutional right is at issue. Judge Denney thus

10   correctly recommended dismissal.

11        A "post-deprivation remedy" means that there is a way for Plaintiff to sue

12   NDOC under state law for missing property. The Supreme Court decided that

13   when state law lets an inmate sue the state government in state court for lost

14   property, the inmate has to sue in state court. *Hudson v. Palmer*, 468 U.S. at 533.

15   The inmate generally cannot bring a federal Constitutional claim in federal court

16   to recover property (including wages), except in special circumstances that do not

17   apply here. Because the State of Nevada has waived sovereign immunity in state

18   court, NRS 41.0322, an inmate can sue individual officers in their official and

19   personal capacities and the State of Nevada, the Department of Corrections, in

20   state court.

21        NRS 608.016, allows employees to sue their employer if the employer does

22   not "pay to the employee wages for each hour the employee works." *See Neville v.*

23   *Eighth Judicial Dist. Court*, 406 P.3d 499, 504 (2017). NRS 608.016 does not have

24   an express statute of limitations. For wage claims brought before May 27, 2021,

25   the statute of limitations is two years. *See Martel v. HG Staffing, LLC*, 519 P.3d

26   25, 30 (2022); *Allen v. Vocatus, LLC*, 645 F. Supp. 3d 1037, 1047-48 (D. Nev.

27   2022). For claims brought after May 27, 2021, the statute of limitations is four

28   years under NRS 11.220, which provides that the statute of limitations for claims

1   that do not have an express statute of limitations to four years. *See* NRS 11.220;

2   *Martel*, 519 P.3d at 30. In limited circumstances, courts apply the doctrine of

3   equitable tolling to permit claims that would otherwise be time-barred. Courts

4   typically toll the statute of limitations for the period in which a plaintiff goes

5   through the mandatory grievance process like that required by NRS 41.0322 or

6   the Prison Litigation Reform Act. *See Wisenbaker v. Farwell*, 341 F. Supp. 2d

7   1160, 1165 (D. Nev. 2004) (finding Nevada law supports equitable tolling during

8   exhaustion of administrative grievances). Courts may hesitate to otherwise toll

9   the statute of limitations for filing in the wrong forum. *See Wilson v. Las Vegas*

10  *Metro. Police Dep't*, 498 P.3d 1278 (2021).

11  **IV.    CONCLUSION**

12          It is therefore ordered that Plaintiff's objection to the Magistrate Judge's

13  Report and Recommendation (ECF No. 41) is overruled.

14          It is further ordered that Judge Denney's Report and Recommendation

15  recommending dismissal without prejudice and without leave to amend (ECF No.

16  39) is accepted and adopted.

17

18          DATED THIS 29th day of September 2024.

19

20  _____

21          ANNE R. TRAUM
            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28